# U.S. District Court
# Western District of Missouri (Springfield)
# CIVIL DOCKET FOR CASE #: 6:23−cv−03106−MDH
## Internal Use Only

Blount v. The United States of America et al
Assigned to: District Judge M. Douglas Harpool
Cause: 28:2201 Declaratory Judgement

Date Filed: 04/07/2023
Date Terminated: 10/03/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Mark Jerome Johnson Blount, I**  represented by  **Mark Jerome Johnson Blount, I**
664 N. Montego St.
Nixa, MO 65714
478−232−2167
Email: markblountesquire@gmail.com
PRO SE

V.

**Defendant**

**The United States of America**  represented by  **Wyatt R Nelson**
DOJ−USAO
U.S. Attorney's Office
Hammons Tower, Suite 500
901 St. Louis
Springfield, MO 65806
417−575−8143
Email: wyatt.nelson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Merrick Garland**  represented by  **Wyatt R Nelson**
*Attorney General of the United States, in his official and individual capacities*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**The Bureau of Alcohol, Tobacco, Firearms and Explosives**  represented by  **Wyatt R Nelson**
*an agency of the United States of America*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Bernard G. Hansen**  represented by  **Wyatt R Nelson**
*Special Agent in Charge of the Bureau of*  (See above for address)
*Alcohol, Tobacco, Firearms and*  *LEAD ATTORNEY*
*Explosives, Kansas City Field Division,*  *ATTORNEY TO BE NOTICED*
*in his official and individual capacities*  Bar Status: Active

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2023 | 1 | PRO SE COMPLAINT against All Defendants by Mark Jerome Johnson Blount. Service due by 7/6/2023 unless otherwise directed by the court. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Envelope)(Hanna, Jaime) Filing Fee paid and sent to KC for processing. Modified on 4/7/2023 (Hanna, Jaime). (Entered: 04/07/2023) |
| 04/07/2023 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR DEADLINES AND REQUIREMENTS.** <br><br> **Notice of MAP assignment to Program Director.** (Attachments: # 1 MAP General Order) (Hanna, Jaime) (Entered: 04/07/2023) |
| 04/10/2023 |  | RECEIPT number KCMO099621 in the amount of $402.00 issued to Mark Jerome Johnson Blount. (Melvin, Greg) (Entered: 04/10/2023) |
| 04/14/2023 |  | SUMMONS ISSUED as to Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America, U.S. Attorney and U.S. Attorney General. Summons provided to Plaintiff in person. (Furtak, Rebecca) (Entered: 04/14/2023) |
| 04/27/2023 |  | SUMMONS ISSUED as to The United States of America, U.S. Attorney and U.S. Attorney General. Summons provided to Plaintiff in person. (Furtak, Rebecca) (Entered: 04/27/2023) |
| 06/13/2023 | 3 | MOTION for extension of time to file answer *or otherwise respond to Plaintiff's Complaint* filed by Wyatt R Nelson on behalf of Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America. Suggestions in opposition/response due by 6/27/2023 unless otherwise directed by the court. (Attorney Wyatt R Nelson added to party Merrick Garland(pty:dft), Attorney Wyatt R Nelson added to party Bernard G. Hansen(pty:dft), Attorney Wyatt R Nelson added to party The Bureau of Alcohol, Tobacco, Firearms and Explosives(pty:dft), Attorney Wyatt R Nelson added to party The United States of America(pty:dft))(Nelson, Wyatt) (Entered: 06/13/2023) |
| 06/13/2023 | 4 | ORDER granting 3 Defendants' Motion for an Enlargement of Time to File an Answer or Otherwise Respond to Plaintiff's Complaint. Defendants have up to and including July 17, 2023 to answer or respond to Plaintiff's Complaint. This is a TEXT ONLY ENTRY. No document is attached. (KBR) (Entered: 06/13/2023) |
| 06/26/2023 | 5 | RETURN OF SERVICE of complaint executed by Mark Jerome Johnson Blount, I. Merrick Garland served on 4/19/2023, answer due 7/17/2023; Bernard G. Hansen |

| | | |
|---|---|---|
| | | served on 4/17/2023, answer due 7/17/2023; The Bureau of Alcohol, Tobacco, Firearms and Explosives served on 4/19/2023, answer due 7/17/2023; The United States of America served on 4/19/2023, answer due 7/17/2023. (Blount, Mark) (Entered: 06/26/2023) |
| 06/26/2023 | 6 | MOTION for service by publication filed by Mark Jerome Johnson Blount, I. Suggestions in opposition/response due by 7/10/2023 unless otherwise directed by the court. (Blount, Mark) (Entered: 06/26/2023) |
| 07/11/2023 | 7 | Second MOTION for extension of time to file answer *or otherwise respond to Plaintiff's Complaint* filed by Wyatt R Nelson on behalf of All Defendants. Suggestions in opposition/response due by 7/25/2023 unless otherwise directed by the court. (Nelson, Wyatt) (Entered: 07/11/2023) |
| 07/11/2023 | 8 | ORDER granting 7 second motion for an enlargement of time to file an answer or otherwise respond to Plaintiff's Complaint. Defendants have up to and including August 11, 2023 to answer or otherwise respond. No further extensions of time shall be granted absent extraordinary circumstances. In addition, the Court defers ruling on Plaintiff's motion for service (Doc. 6) regarding the status of service of process upon the Attorney General. Defendants shall address Plaintiff's motion on or before August 11, 2023. This is a TEXT ONLY ENTRY. No document is attached. (KBR) (Entered: 07/11/2023) |
| 08/11/2023 | 9 | MOTION to dismiss for lack of jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Wyatt R Nelson on behalf of Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America. Suggestions in opposition/response due by 8/25/2023 unless otherwise directed by the court. (Nelson, Wyatt) (Entered: 08/11/2023) |
| 08/11/2023 | 10 | SUGGESTIONS in support re 9 MOTION to dismiss for lack of jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Wyatt R Nelson on behalf of Defendants Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America. (Related document(s) 9 ) (Nelson, Wyatt) (Entered: 08/11/2023) |
| 08/11/2023 | 11 | SUGGESTIONS in opposition re 6 MOTION for service by publication filed by Wyatt R Nelson on behalf of Defendants Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America. Reply suggestions due by 8/25/2023 unless otherwise directed by the court. (Related document(s) 6 ) (Nelson, Wyatt) (Entered: 08/11/2023) |
| 08/14/2023 | 12 | MOTION for leave to file *Over−limit Brief in Opposition to Government Defendants' Motion to Dismiss*, MOTION to expedite filed by Mark Jerome Johnson Blount, I. Suggestions in opposition/response due by 8/28/2023 unless otherwise directed by the court. (Blount, Mark) (Entered: 08/14/2023) |
| 08/14/2023 | 13 | ORDER granting in part and denying in part 12 motion for leave to file over limit brief in opposition to motion to dismiss. Plaintiff is granted leave to file a brief in opposition to the motion to dismiss not to exceed 20 pages in length. This is a TEXT ONLY ENTRY. No document is attached. (KBR) (Entered: 08/14/2023) |
| 08/14/2023 | 14 | REPLY SUGGESTIONS to motion re 6 MOTION for service by publication on behalf of Plaintiff Mark Jerome Johnson Blount, I. (Related document(s) 6 ) (Blount, Mark) (Entered: 08/14/2023) |

| 08/15/2023 | 15 | SUGGESTIONS in opposition re 9 MOTION to dismiss for lack of jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM on behalf of Plaintiff Mark Jerome Johnson Blount, I. Reply suggestions due by 8/29/2023 unless otherwise directed by the court. (Related document(s) 9 ) (Blount, Mark) (Entered: 08/15/2023) |
|---|---|---|
| 08/16/2023 | 16 | MOTION for leave to file *Over−limit Brief in Support of Motion for Summary Judgment* filed by Mark Jerome Johnson Blount, I. Suggestions in opposition/response due by 8/30/2023 unless otherwise directed by the court. (Blount, Mark) (Entered: 08/16/2023) |
| 08/29/2023 | 17 | REPLY SUGGESTIONS to motion re 9 MOTION to dismiss for lack of jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Wyatt R Nelson on behalf of Defendants Merrick Garland, Bernard G. Hansen, The Bureau of Alcohol, Tobacco, Firearms and Explosives, The United States of America. (Related document(s) 9 ) (Nelson, Wyatt) (Entered: 08/29/2023) |
| 10/03/2023 | 18 | ORDER denying as moot 6 motion for service by publication; granting 9 motion to dismiss for lack of jurisdiction; granting 9 Motion to Dismiss for Failure to State a Claim; denying as moot 16 motion for leave to file. Defendants' Motion is GRANTED and the Court dismisses Plaintiff's Complaint without prejudice. Signed on 10/3/23 by District Judge M. Douglas Harpool. (View, Pat) (Entered: 10/03/2023) |
| 10/04/2023 | 19 | CLERK'S JUDGMENT (Howard, Linda) (Entered: 10/04/2023) |
| 10/04/2023 | 20 | NOTICE OF APPEAL by Mark Jerome Johnson Blount, I. Filing fee $ 505, receipt number AMOWDC−8655300. (Blount, Mark) (Entered: 10/04/2023) |
| 10/05/2023 | 21 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 20 Notice of Appeal. (Furtak, Rebecca) (Entered: 10/05/2023) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MARK BLOUNT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 6:23-CV-03106-MDH

## ORDER

    Before the Court is defendants the United States of America, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Merrick Garland - in his official capacity as Attorney General of the United States, and Bernard G. Hansen - in his official capacity as Special Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Kansas City Field Division's Motion to Dismiss. (Doc. 9). Defendants move to dismiss *pro se* plaintiff Blount's Complaint for lack of subject matter jurisdiction and for failure to state a claim.

    Plaintiff has also filed a *pro se* Motion for Service of Publication (Doc. 6) and Motion for Leave to File Over – Limit Brief (Doc. 16). The motions are ripe for review.

## BACKGROUND

    Plaintiff has filed a 189 page Complaint for Declaratory Judgment, Injunctive Relief and Attorney's Fees. (Doc. 1). Plaintiff brings his action pursuant to the Declaratory Judgment Act, the National Firearms Act, the Gun Control Act, and the Firearms Owners' Protection Act of 1986, which he collectively refers to as "National Firearms Acts." Plaintiff alleges all the laws are unconstitutional as they infringe and deprive Plaintiff of his "ancient, inalienable, private, individual, absolute, ancestral sovereign common law right to keep and bear arms, retained by

1

ancestors, the Founders of this country, and enumerated in the Second Amendment to the U.S. Constitution, by prohibiting Plaintiff from possessing machine guns of all descriptions manufactured after 1986…." Plaintiff prays that this Court enjoin Defendants from enforcing their prohibition as to Plaintiff's possession of machine guns. (Doc. 1).

Plaintiff alleges he has standing to bring his claims because he "plans on purchasing an M-16 rifle, M-4 rifle, Squad Automatic Weapon (SAW), or other machine gun which comprises the standard issue equipment of a service member in the United States military, manufactured after 1987, to wit, an ordinary military weapon, or converting the AR-15 rifles that he already lawfully possesses to automatic weapons…" Plaintiff alleges the National Firearms Acts unconstitutionally criminalize Plaintiff's "planned course of conduct."

Plaintiff further contends the laws are "regularly enforced and violators are prosecuted fervently." Plaintiff alleges "When Plaintiff converts his lawfully possessed AR-15 rifles to fully-automatic machine guns…. in the near future, Plaintiff will have made firearms in contravention to 26 U.S.C.A. § 5861, and thus will be subject to the unconstitutional penalties for violation of said statute." Plaintiff's complaint is lengthy so the Court will not reiterate all of Plaintiff's allegations, but Plaintiff consistently alleges his "intention" or "plan" to convert or possess machine guns and that his "intention" or "plan" will violate the firearms laws. Plaintiff further alleges that he "will be subject to penalties" for his intended acts. Plaintiff does not allege any actions he has already taken and does not allege any details of how he intends to act, *i.e.*, when, where, or how he intends to take any alleged actions.

Finally, Plaintiff contends that he has standing to bring his claims and has suffered an injury in fact because he has been deprived of his right to keep and bear machine guns without first asking permission.

2

Case 6:23-cv-03106-MDH   Document 18   Filed 10/03/23   Page 2 of 8
Appellate Case: 23-3245   Page: 6   Date Filed: 10/10/2023 Entry ID: 5320402 October 5 2023 p6

# STANDARD

Defendants move to dismiss under 12(b)(1). Defendants make a "facial" challenge to subject matter jurisdiction under 12(b)(1). Defendant argues that the allegations in the Complaint are not sufficient to establish subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In reviewing the motion, the Court must afford Plaintiff the same protections as he would be entitled to receive under Rule 12(b)(6), *i.e.*, the court must accept all factual allegations in the complaint as true, draw all inferences in the plaintiff's favor, and grant the motion to dismiss only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *see also Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must view the allegations in the complaint liberally and in the light most favorable to Plaintiff. *Eckert*, 514 F.3d at 806. Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

To survive a 12(b)(6) motion to dismiss, a complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). It must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

3

Case 6:23-cv-03106-MDH   Document 18   Filed 10/03/23   Page 3 of 8
Appellate Case: 23-3245   Page: 7   Date Filed: 10/10/2023 Entry ID: 5322403
October 5 2023 p7

**DISCUSSION**

First, to invoke the Court's jurisdiction Plaintiff must have standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). Plaintiff must establish: 1) an "injury-in-fact," 2) "a causal connection between the injury and the conduct complained of," and 3) the Court must be likely able to redress the plaintiff's injury. *Id.* at 560–61.

In order to establish an injury-in-fact at the pleading stage, Plaintiff bears the burden to plead facts showing an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to a conjectural or hypothetical interest. *Id*. at 560. The standing inquiry is "especially rigorous where reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal citations omitted).

Plaintiff's complaint alleges that: "Plaintiff plans on purchasing an M-16 rifle, M-4 rifle, Squad Automatic Weapon (SAW), or other machine gun . . . manufactured after 1987 . . . or converting the AR-15 rifles that he already lawfully possesses to automatic weapons . . . in the immediate future." While Plaintiff's Complaint is lengthy, his allegations are consistent in that Plaintiff alleges he plans to purchase, or intends to convert or purchase, alleged illegal firearms. However, these allegations are conclusory and contain no further details throughout the Complaint's almost 200 pages.

18 U.S.C. § 922(o) makes it illegal "for any person to transfer or possess a machinegun," unless the machinegun is possessed under the authority of a government or was lawfully possessed prior to May 19, 1986. See 18 U.S.C. § 922(o)(2). The National Firearms Act requires machine guns to be registered with ATF and provides that applications to register a firearm "shall be denied

4

if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. § 5812(a); see also id. § 5861(d) (prohibiting possession of a firearm that is regulated by the National Firearms Act and is "not registered" to the possessor). Here, Plaintiff seeks a declaratory judgment that restrictions on machine gun possession set forth in § 922(o) and the National Firearms Act are unconstitutional. Plaintiff further seeks an injunction on the enforcement of the laws prohibiting machine guns against him. However, Plaintiff has failed to plead an imminent concrete and particularized injury. Plaintiff merely alleges he intends, or plans, to take some action with no further information.

Plaintiff relies on the proposition that a plaintiff "contesting the constitutionality of a criminal statute" need not "first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights." Citing, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). A plaintiff in a pre-enforcement constitutional challenge to a criminal statute may establish an injury-in-fact by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and demonstrating that there exists a credible threat of prosecution thereunder." See *Id.* (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). However, where "plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." *Babbitt*, 442 U.S. at 298–99 (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). "[P]ersons having no fears of . . . prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases." *Younger*, 401 U.S. at 42 (1971); see also *St. Paul Area Chamber of Com. v. Gaertner*, 439 F.3d 481, 485 (8th Cir. 2006).

5

Case 6:23-cv-03106-MDH   Document 18   Filed 10/03/23   Page 5 of 8
Appellate Case: 23-3245   Page: 9   Date Filed: 10/10/2023 Entry ID: 5324403   October 5 2023 p9

The Court agrees with Defendants' arguments. Here, Plaintiff alleges a general intent that would violate § 922(o) by purchasing a machine gun or converting a semi-automatic AR-15 into a machine gun. However, Plaintiff fails to allege anything beyond a speculative fear of prosecution. Further, Plaintiff's allegations consist of future plans with no specific actions taken by him or no allegations of his inability to take his intended actions. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of [] 'actual or imminent' injury . . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. at 564; see also *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 293 (6th Cir. 1997) (Plaintiffs' assertions that they 'wish' or 'intend' to engage in proscribed conduct is not sufficient to establish an injury-in-fact under Article III.") (quoting *Lujan*, 504 U.S. at 564)).

As argued by Defendants, Plaintiff's allegations are a "generalized grievance" on an issue of "wide public significance," namely the existence of § 922(o). See *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–75 (1982). Defendants argue, as a result, Plaintiff's remedy for his allegations, lies in the political branches, not in the judiciary. See *Id.* "Just because [Plaintiff] does not like the firearms regulation does not give him standing to complain about its legality." *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996).

Here, Plaintiff has not alleged any prior violations of § 922(o) and has not alleged any concrete plan to violate section § 922(o) other than a vague reference to his intent to purchase illegal machine guns. Further, he does not allege a specific, or actual, threat of prosecution. See e.g., *Kegler v. U.S. Dep't of Just.*, 436 F. Supp. 2d 1204, 1218–19 (D. Wyo. 2006) (finding no standing where Plaintiff alleged an intent to purchase firearm "at some imprecise point in the indefinite future" in violation of 18 U.S.C. § 922(g)(9), had made no prior attempt to purchase

6

firearm, and did not allege any criminal investigations, arrests, or prosecutions against him). Plaintiff's injury must be real or imminent and not wholly conjectural and hypothetical. Plaintiff has not pled a real or imminent injury.

Defendants cite to a district court in Wyoming that recently dismissed a Second Amendment challenge to § 922(o) because the plaintiff had failed to allege a sufficiently concrete intention to acquire a machine gun. See *DeWilde v. United States*, No. 1:23-cv-00003-SWS, 2023 WL 4884582 (D. Wyo. July 17, 2023). The Wyoming district court found that the plaintiff lacked standing because he "merely expresse[d] a desire to own an M16 machinegun." *Id.* at *4. The court noted that the plaintiff "[did] not plead any facts regarding when or how he plans to own such a gun nor allege any fear or likelihood of investigation, arrest, or prosecution." *Id*. While this decision is not controlling the analysis is the same as the allegations presented in this case.[1] Here, the Court finds Defendants' motion to dismiss for lack of standing is well taken and Plaintiff has failed to allege an injury in fact.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court finds that Plaintiff's Complaint should be dismissed for lack of standing. Defendants' Motion is **GRANTED** and the Court dismisses Plaintiff's Complaint without prejudice. Plaintiff's Motion for service upon defendant Garland is **DENIED** as moot. (Doc. 6). Plaintiff's Motion for Leave to File Over Limit Brief in support his summary judgment motion is also **DENIED** as moot. (Doc. 16).

---

[1] "Plaintiff desires to own an M16 machine gun for all lawful purposes, including defense of hearth and home and militia functions. But this is too indefinite to establish a particularized injury and insufficient to constitute an injury-in-fact. The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III. *Id.*, citing *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983).

7

**IT IS SO ORDERED.**

Date:  October 3, 2023

                                         */s/ Douglas Harpool*  
                                         Hon. Douglas Harpool  
                                         United States District Judge

8

Case 6:23-cv-03106-MDH   Document 18   Filed 10/03/23   Page 8 of 8  
Appellate Case: 23-3245   Page: 12   Date Filed: 10/10/2023 Entry ID: 5326463 October 5 2023 p12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**JUDGMENT IN A CIVIL CASE**

| | |
|---|---|
| MARK BLOUNT, | ) |
| | ) |
| vs. | ) Case No. 23-3106-CV-S-MDH |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |

___ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ Decision by Court. This action came to determination before the Court. The issues have been determined and a decision has been rendered.

It is **THEREFORE ORDERED** Plaintiff's Complaint should be dismissed for lack of standing. Defendants' Motion is GRANTED and the Court dismisses Plaintiff's Complaint without prejudice.

**IT IS SO ORDERED**.


 October 4, 2023                                Paige Wymore-Wynn
Date                                            Clerk of Court


Entered on: October 3, 2023            s/Linda Howard
                                       (By) Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

Mark Jerome Johnson Blount )
Plaintiff/Petitioner )
The United States of America; Merrick Garland, )
in his official and individual capacities; The Bureau of Alcohol, Tobacco, )
Firearms and Explosives, an agency of the United States; and Bernard G. )
Hansen, in his official and individual capacities )
Defendant/Respondent )
)
)
)

Case No. 6:23-CV-3106-MDH

## NOTICE OF APPEAL
## TO THE US COURT OF APPEALS FOR THE EIGHTH CIRCUIT

Notice is hereby given that I Mark Jerome Johnson Blount, Esq., the

*Name of party taking the appeal*

plaintiff/petitioner hereby appeal to the United States Court of Appeals for

*plaintiff, petitioner, defendant or respondent*

the Eighth Circuit from the final judgment X or an order _____

*name of the circuit*  *check this one*  *or this one*

entered in this action on the 3rd day of October, 2023.

Signed _____
Attorney for Pro Se
Address: 664 N. Montego St.
Nixa, MO 65714

Phone: 478-232-2167
Fax:
E-Mail: markblountesquire@gmail.com

# NOTICE OF APPEAL SUPPLEMENT

## MISSOURI WESTERN DISTRICT - SPRINGFIELD

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| | |
|---|---|
| **Case Caption: Blount v. The United States of America et al** | **Case No.: 6:23-cv-03106-MHD** |
| Appellant: **Mark Jerome Johnson Blount, I** | Appellee: **The United States of America; Merrick Garland; The Bureau of Alcohol, Tobacco, Firearms and Explosives; Bernard G. Hansen** |
| Appellant's Attorney(s): **Mark Jerome Johnson Blount, I** **664 N. Montego Street** **Nixa, MO 65714** **478-232-2167** **markblountesquire@gmail.com** | Appellee's Attorney(s): **Wyatt Nelson** **U.S. Attorney's Office** **Hammons Tower, Suite 500** **901 St. Louis Street** **Springfield, MO 65806** **417-575-8143** **Wyatt.nelson@usdoj.gov** |
| Court Reporter(s): **None listed.** | Please return files and documents to: **United States District Court** **222 N. John Q. Hammons Parkway; Suite 1400** **Springfield, MO 65806** Contact Person for Appeal: **spfdgen@mow.uscourts.gov** |

| Length of Trial: **NA** | Fee Paid: **Yes** | IFP: **No** | Pending IFP Motion: **No** |
|---|---|---|---|
| Counsel: **Pro Se** | Pending Motions? **No** | Local Interest? **No** | Simultaneous Release? **No** |

**Criminal Cases / Prisoner Pro Se Cases Only: N/A**

| Defendant incarcerated? **Yes/No** | Where? | Multiple defendants? If so, please list. **N/A** |
|---|---|---|

**Special Comments:**

_____
_____
_____
_____