# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| MARK JEROME JOHNSON BLOUNT I, | ( |
| Plaintiff/Appellant, | ( |
| v. | ( |
| UNITED STATES OF AMERICA; MERRICK GARLAND, Attorney General of the United States, in his OFFICIAL and INDIVIDUAL capacities; THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, an agency of the United States of America; and BERNARD G. HANSEN, Special Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Kansas City Field Division, in his OFFICIAL and INDIVIDUAL capacities, | ( No: 23-3245 |
| Defendants/Appellees. | ( |

## MOTION FOR LEAVE TO FILE OVER-LIMIT APPELLATE BRIEF

COMES NOW, Appellant, Mark Jerome Johnson Blount, Gentlemen-Esquire, and files this Motion for Leave to File an Over-limit Appellate Brief, showing the Court as follows:

1.

Appellant filed his pro se complaint challenging the National Firearms Act, 26 U.S.C. § 5812, *et seq.*, the Gun Control Act of 1968, and the Firearms Owners' Protection Act of 1986, 18 U.S.C. § 922, *et seq.*, hereinafter, collectively,

"National Firearms Acts," insofar as these provisions prohibit Appellant, as a law-abiding citizen member of the Posterity, from keeping military-grade ordinary military weapons, to wit, machine guns manufactured post-1986 that are in regular use in the United States armed forces.

2.

Appellant bases his claim, that the challenged provisions of the National Firearms Acts are unlawful, on the fact that they directly act upon and infringe both Appellant's absolute ancestral common law rights of keeping and bearing arms and his absolute constitutional rights of keeping and bearing arms.

3.

In his pro se complaint, Appellant averred that he intended, in the immediate future, to violate the presently-challenged provisions of the National Firearms Acts by lawfully exercising his absolute ancestral and constitutional rights of keeping arms by keeping military-grade ordinary military weapons manufactured after the year 1986, that such action was proscribed by the presently-challenged provisions of the National Firearms Acts, and, that prosecution by the governmental defendants would be imminent upon Appellant's lawfully exercising his absolute ancestral and constitutional rights of keeping and bearing arms in contravention to said Acts in the immediate future.

4.

The defendants filed a motion to dismiss Appellant's case, claiming that the court did not have subject-matter jurisdiction due to Appellant allegedly failing to allege an injury-in-fact to his absolute ancestral and constitutional rights of keeping and bearing arms, under the erroneous theories that Appellant had not pled allegations sufficient to show that he intended to violate the presently-challenged Acts and had not pled allegations sufficient to show that there is a credible threat of prosecution under said Acts, while refusing to disavow that they would, in fact, prosecute Appellant if he did lawfully exercise his absolute ancestral and constitutional rights according to his averred plans and intent, in contravention to the presently-challenged Acts.

5.

The defendants additionally moved the court to dismiss Appellant's case under the erroneous theory that Appellant had failed to state a claim upon which relief can be granted, erroneously arguing, in contravention to the law, the scope of the absolute ancestral and constitutional rights of keeping and bearing arms, as that scope has been understood by all Sovereigns, legislatures, and jurists from time immemorial up until the United States Supreme Court case <u>U.S. v. Miller</u>, the universal case law on the subject during the before-referenced time period, and the entirety of the statutory/regulatory history, from the very earliest statute, Act, decree, or ordinance on record in Anglo-American history regarding this subject up

until at least the year 1860, that Appellant's, and, therefore, the Posterity's, absolute ancestral and constitutional rights of keeping and bearing arms do not entail the right to keep military-grade ordinary military weapons.

6.

On October 3, 2023, the district court judge erroneously granted the defendants' motion to dismiss, finding that the court lacked subject-matter jurisdiction in this case because, in the judge's view, Appellant had not pled allegations sufficient to satisfy the injury-in-fact requirement of Article III standing doctrine. In so holding, the court found that Appellant did not sufficiently allege, with extreme specificity, an intent to violate the presently-challenged provisions of the National Firearms Acts, and that Appellant had not sufficiently alleged a credible threat of prosecution under these Acts.

7.

Appellant filed a timely Notice of Appeal on October 4, 2023, with the Clerk of Court for the United States District Court for the Western District of Missouri, and Appellant received notice from the Clerk of Court for this Court, dated October 10, 2023, that his appeal has been docketed with this Court.

8.

Appellant has drafted an appellate brief that is seventy pages in length, and Appellant prays that this Court grant Appellant leave to file said brief. Appellant

needs all seventy pages to adequately enumerate the errors in the trial court's order and to fully address and brief the facts of this case, the law surrounding standing doctrine, and the allegations and averments contained within his pro se complaint which satisfy the pleading requirements of the injury-in-fact requirement of standing doctrine.

9.

If Appellant is not granted leave to file his over-limit brief, Appellant will not be able to adequately brief the facts and the law for this Court so that this Court can quickly and efficiently rule on his appeal, and, as a result, the interests of justice will be subverted and further harm will accrue to Appellant.

10.

Lastly, as Appellant is not requesting oral argument with respect to his appeal, it is that much more imperative that he be allowed to fully brief the issues so as to effectively vindicate his claims and his rights.

WHEREFORE, Appellant prays that this Court:

1. Grant Appellant's Motion for Leave to File an Over-limit Brief in the form of Appellant's seventy (70) page, double-spaced, Appellant's Brief.

Respectfully submitted this 18th day of October, 2023.

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law

Georgia Bar Member Number: 539062  
Missouri Bar Member Number: 75092  
Tennessee Bar Member Number: 040678  
*Pro Se*

Mark J.J. Blount, Esq.  
664 N Montego St.,  
Nixa, MO 65714  
markblountesquire@gmail.com  
(478) 232-2167

# F.R.A.P. RULE 32(G) CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

**1.** This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains <u>874</u> words.

**2.** This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point font, Times New Roman.

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

Date: 10/18/2023

# CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2023, I electronically filed the foregoing Motion for Leave to File Over-limit Appellate Brief with the Clerk of Court using the CM/EMF system.

      /s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

Date: 10/18/2023