CASE NO. 23-3245

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

MARK JEROME JOHNSON BLOUNT I,

PLAINTIFF/APPELLANT,

V.

THE UNITED STATES OF AMERICA, MERRICK GARLAND, ATTORNEY
GENERAL OF THE UNITED STATES, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES, AN AGENCY OF THE UNITED STATES OF AMERICA, AND
BERNARD G. HANSEN, SPECIAL AGENT IN CHARGE OF THE KANSAS
CITY DIVISION OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,

DEFENDANTS/APPELLEES.

APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI DISMISSING
PLAINTIFF/APPELLANT'S CASE FOR LACK OF SUBJECT-MATTER
JURISDICTION

APPELLANT'S PETITION FOR REHEARING **EN BANC**

FILED BY:

Mark Jerome Johnson Blount I, Esq.
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

COMES NOW, Plaintiff/Appellant, Mark Jerome Johnson Blount, Gentlemen-Esquire, hereinafter "Appellant," and files Appellant's Petition for Rehearing **EN BANC**, showing the Court as follows:

<u>PANEL'S DECISION CONTRARY TO UNITED STATES SUPREME COURT JURISPRUDENCE</u>

In this case, the appellate court panel "summarily affirmed" the trial court's dismissal of Appellant's pro se case for want of standing. As Appellant clearly has standing to challenge the presently-challenged provisions of the National Firearms Acts, hereinafter "NFA," and the trial court's decision to dismiss Appellant's case *was highly erroneous, both because it was based upon the trial court's self-contradictory findings with respect to Appellant's pleadings and the trial court's erroneous application of standing doctrine in a manner contrary to Supreme Court standing doctrine jurisprudence*, the appellate court panel's decision to summarily affirm such a decision "conflicts with…[standing doctrine] decision[s] of the United States Supreme Court…and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions."[1]

<u>POINTS OF LAW AND FACT OVERLOOKED BY APPELLATE COURT PANEL/ ENUMERATIONS OF TRIAL COURT'S ERRORS</u>

I.    A prospective plaintiff does not have to plead his **intent** to violate a challenged regulation arguably affected with his constitutional interests

---

[1] Fed. R. App. P. 35(b)(1)(A).

with ***excessive specificity***, nor "confess that he will in fact violate that law,"[2] in order to satisfy the injury-in-fact requirement where he has been ***reasonably deterred*** from lawfully exercising his rights and suffered injury to his rights thereby. *See* <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 555-63 (1992); <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 158-65 (2014); <u>Babbitt v. United Farm Workers Nat. Union</u>, 442 U.S. 289, 301-2 (1979); <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127-130 (2007).

II. A law does not have to have been enforced against a plaintiff, nor does enforcement have to have been threatened against said plaintiff, and that plaintiff is not required to violate the law, or even allege that he will violate the law, for the threat of enforcement to be deemed "[***credible*** or] substantial"[3] under standing doctrine when that law deters the full exercise of said plaintiff's alleged rights due to his ***reasonable fear of enforcement***. *See* <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 161-5 (2014); <u>Babbitt v. United Farm Workers Nat. Union</u>, 442 U.S. 289, 301-2 (1979); <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127-130 (2007).

III. Appellant brought this case under the Declaratory Judgment Act.

---

[2] <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 163 (2014).
[3] <u>Id.</u> at 164 (emphasis added).

IV.    Political question doctrine does not apply in this case.

<u>INTRODUCTION</u>

In this case, Appellant challenges certain highly unconstitutional provisions of the NFA. In Appellant's pro se complaint, Appellant ***clearly avers: one***, that he is a member of the class of rights-holders of the absolute, ancestral and constitutional rights of keeping and bearing arms;[4, 5] ***two,*** that his rights of keeping and bearing arms entail the right to keep ordinary military weapons;[6, 7, 8, 9, 10, 11, 12, 13] ***three***, that his rights of keeping and bearing arms are not, and "could not possibly be[,] within the power of the…government" to act upon or regulate in the slightest degree;[14, 15, 16, 17, 18, 19, 20] ***four***, the NFA ***absolutely prohibit*** the law-abiding Posterity from keeping ordinary military weapons manufactured post-1986 and thereby infringe

---

[4] Pl.'s Compl. ¶ 1 at 2, Doc. 1.
[5] Id. ¶ 309 at 108-9.
[6] Id. ¶¶s 333-409 at 116-54.
[7] Id. ¶ 328 at 114-5.
[8] Id. ¶¶s 300-5 at 106-7.
[9] Id. ¶ 56 at 22.
[10] Id. ¶¶s 373-81 at 131-5.
[11] Id. ¶ 355 at 125-6.
[12] Id. ¶ 327 at 114.
[13] Id. ¶ 410 at 155-6.
[14] Id. ¶ 331 at 115-6.
[15] Id. ¶¶s 330-1 at 115-6.
[16] Id. ¶¶s 279-306 at 96-107.
[17] *See* <u>Johnson v. M'Intosh,</u> 21 U.S. 543, 584–85, 5 L. Ed. 681 (1823).
[18] Id. ¶ 332 at 116.
[19] Id. ¶ 310 at 109.
[20] Id. ¶¶s 285-312 at 99-110.

Appellant's rights;[21, 22, 23, 24] ***five,*** Appellant "***plans*** on…possessing [ordinary military weapons manufactured post-1986] in contravention to the National Firearms Acts in the ***immediate future***,"[25] and, thus, "***intends***"[26] to violate the NFA in the ***immediate future***; ***six***, the NFA "are regularly enforced"[27] and carry severe penalties for violations of said provisions, it being a "felony offense[]"to violate said Acts, upon conviction for which Appellant "would be stripped entirely of his rights of keeping and bearing arms, subject to substantial prison time, and lose many other fundamental rights,"[28] Appellant citing ***both the criminal penalty provisions of the NFA and governmental press releases to show that these acts are regularly and ardently enforced,***[29] and, due to this "***[credible and] substantial***"[30] threat, Appellant ***reasonably fears enforcement*** of said Acts against him, which have ***unlawfully "coerced"***[31] Appellant to "forgo [the] full exercise of [his] rights."[32] Accordingly, Appellant sought a declaratory judgment as to the

---

[21] Id. ¶ 431 at 165 (emphasis added).
[22] Id. ¶ 24 at 9-10.
[23] Id. ¶¶s 27-36 at 10-14.
[24] Id. ¶ 449 at 176-7.
[25] Id. ¶ 24 at 9-10 (emphasis added).
[26] Id. ¶ 47 at 18 (emphasis added).
[27] Id. ¶ 444 at 174.
[28] Id. ¶ 53 at 20-1.
[29] Id. ¶¶s 30-1 at 11-2.
[30] Susan B. Anthony List v. Driehaus, 573 U.S. 149, 164 (2014) (emphasis added).
[31] Pl.'s Compl. ¶ 54 at 21, Doc. 1.
[32] Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 301 (1979).

legality of the challenged provisions and an injunction preventing their enforcement against him.

Thus, Appellant *averred* "'an *intention* to engage in a course of conduct *arguably affected with a constitutional interest,*'"[33] but which is unlawfully "'*proscribed by [the] statute' [he] wish[es] to challenge*;"[34] and, that the "the threat of future enforcement of the…statute is [*credible* or] substantial."[35]

The defendants filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. In spite of Appellant's detailed averments and contrary to present-day standing doctrine, on October 3, 2023, the district court judge granted the defendants' motion to dismiss. Appellant timely filed his Notice of Appeal with the district court on October 4, 2023.

The district court judge granted defendants' motion to dismiss based upon three erroneous theories. First, that Appellant had not sufficiently pled his intentions to violate said Acts, but, rather, that he merely expressed a "wish"[36] to possess ordinary military weapons and, therefore, his injury was "conjectural and hypothetical."[37] Second, that Appellant had not sufficiently pled that prosecution would be imminent under said Acts, or that there existed a threat of prosecution,

---

[33] Susan B. Anthony List v. Driehaus, 573 U.S. 149, 161 (2014) (emphasis added).
[34] Id. at 162 (emphasis added).
[35] Id. at 164 (emphasis added).
[36] Order at 6, Doc. 18.
[37] Id. at 7.

but, rather, that the threat of prosecution as alleged was merely "imaginary or speculative."[38] And, third, the court erroneously invoked political question doctrine in order to reject and abandon its "duty…to say what the law is."[39]

## ARGUMENT

### Establishing Standing Generally and Standard of Review at the Motion to Dismiss Stage

All that is required for a plaintiff "[t]o establish Article III standing" is for the "plaintiff [to] show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"[40]

While, "'"[t]he party invoking federal jurisdiction bears the burden of establishing' standing,"'[41] it is only necessary that "'each element…be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence *required at the successive stages* of the litigation.'"[42]

"At the pleading stage, *general factual allegations of injury resulting from the defendant's conduct may suffice*, for on a motion to dismiss we [take the allegations as true] and *presum[e] that general allegations embrace those*

---

[38] Id. at 5.
[39] Marbury v. Madison, 5 U.S. 137, 177 (1803).
[40] Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157–58 (2014).
[41] Id. at 158.
[42] Id. (emphasis added).

*specific facts* that are necessary to support the claim.'"[43] "When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) or proved (at the trial stage) in order to establish standing ***depends considerably upon*** *whether the* ***plaintiff is himself an object of the action (or forgone action) at issue***. ***If he is, there is ordinarily little question that the action or inaction has caused him injury***, and that a judgment preventing or requiring the action will redress it."[44]

Here, Appellant ***is the object of the unconstitutional action***, and, moreover, Appellant has done more than ***merely*** allege to certain facts, his factual allegations are in fact ***averments***. The court below was, and this Court is, to take all of Appellant's factual allegations/averments as true, and to make all reasonable inferences therefrom in Appellant's favor.

In spite of this standard of review, the lower court dismissed Appellant's case on the erroneous theory that Appellant had not sufficiently alleged an injury-in-fact.

I. Pleading an Injury-in-Fact in the Pre-Enforcement Context:

The correct analysis, for a court to employ when determining whether or not a plaintiff has sufficiently alleged an injury-in-fact, is for the court to determine whether the plaintiff has, first, "alleged 'an ***intention*** to engage in a course of

---

[43] Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (emphasis added).
[44] Id. at 561–62 (emphasis added).

conduct ***arguably affected with a constitutional interest***;'"[45] second, alleged that the intended course of conduct is "'***proscribed by [the] statute' they wish to challenge***;"[46] and, third, has alleged that the "the threat of future enforcement of the…statute is [***credible*** or] substantial."[47]

i. <u>Lower Court Erroneous in Finding, and Appellate Panel Erroneous in Affirming, that Appellant Had Not Sufficiently Pled His Present Intent to Violate the National Firearms Acts</u>:

In the lower court's order, it conceded and recognized that throughout the entirety of his complaint "Plaintiff consistently alleges his ***'intention'*** or ***'plan'*** to convert or possess machine guns and that his ***'intention'*** or ***'plan'*** will violate the firearms laws,"[48] but found that these averments constituted a mere "wish"[49] to engage in the proscribed conduct. The court erroneously found that Appellant did not sufficiently allege his intent to violate the challenged-provisions of the NFA because "Plaintiff has not alleged any prior violations of § 922(o) and has not alleged any concrete plan to violate section § 922(o),"[50] ultimately finding that Appellant had not alleged a sufficiently "concrete and particularized," as opposed to "wholly conjectural and hypothetical,"[51] injury-in-fact to his absolute ancestral

---

[45] <u>Id.</u> at 161(emphasis added).
[46] <u>Id.</u> at 162 (emphasis added).
[47] <u>Id.</u> at 164 (emphasis added).
[48] Order at 2, Doc. 18 (emphasis added).
[49] Id. at 6.
[50] Id.
[51] Id. at 4.

and constitutional rights of keeping and bearing arms. Based upon these findings, the court found that Appellant lacked standing to bring suit. That is not the law, "[n]othing in [the Supreme] Court's decisions requires a plaintiff who wishes to challenge the constitutionality of a law to confess that he will in fact violate that law."[52]

Under standing doctrine, Appellant is not required to incriminate himself by pleading details with such specificity as the defendants and the lower court demand, rather, Appellant is merely required to "allege[] 'an ***intention*** to engage in a course of conduct arguably affected with a constitutional interest.'"[53]

> ### a.  Sufficiently Alleging an Intention to Engage in Proscribed Conduct Arguably Affected with a Constitutional Interest:

All that is required for a plaintiff to allege "'an intention to engage in a course of conduct arguably affected with a constitutional interest,"[54] sufficient to satisfy the injury-in-fact requirement of standing doctrine, is for the plaintiff to plead with the minimal specificity necessary to "alleged an 'inten[t]'"[55] to so act. There is ***no need*** for ***excessive specificity***. Indeed, the Supreme Court case law is to the contrary.

---

[52] <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 163 (2014).
[53] <u>Id</u>. at 161 (emphasis added).
[54] <u>Id</u>.
[55] <u>Id</u>. at 162.

In <u>Susan B. Anthony</u> and <u>Babbitt</u>, the Supreme Court held that the plaintiffs had standing to challenge the laws they were challenging, in ***pre-enforcement actions,*** even though they ***expressly pled*** that they ***had not violated the challenged laws and were not going to*** intentionally violate said laws, and did ***not*** allege ***when, where, or how*** they were going to violate the challenged laws, because their ***reasonable fears as to the repercussions*** of inadvertently violating the laws had ***deterred*** the full exercise of their rights. *See* <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 152-63 (2014); <u>Babbitt v. United Farm Workers Nat. Union</u>, 442 U.S. 289, 301 (1979).

    b.  <u>Appellant Clearly Averred That it is His Present Intent to Violate the Presently-Challenged Provisions of the National Firearms Acts</u>:

Here, Appellant alleged in his pro se complaint that he ***expressly <u>intends to</u> violate***, and ***<u>plans on</u> violating***, the presently-challenged provisions of the NFA by lawfully exercising his absolute ancestral and constitutional rights of keeping and bearing arms by keeping ordinary military weapons, manufactured after the year 1986, ***in the immediate future***.

The court's holding that Appellant merely expressed a "wish"[56] or inchoate desire to own and possess ordinary military weapons is not only contrary to the pleadings, but also to the court's own ***concessions***, ***recognitions***, ***and findings*** as to Appellant's pleadings contained within its very order. The lower court's order

---

[56] Order at 6, Doc. 18.

repeatedly refers to how Appellant "plans"[57] and "inten[ds]"[58] to violate the presently-challenged provisions of the NFA by "convert[ing] or possess[ing] machine guns,"[59] to wit, ordinary military weapons, conceding that Appellant's "allegations" are "consistent"[60] throughout his complaint, yet tries to frame these **concrete** words of *intent* as merely a "wish," an inchoate desire.

However, merely "wanting," "wishing," or "desiring" to do something and "planning" or "intending" to do something are entirely different expressions with entirely different implications as to the concreteness of the ultimate intent to proceed. To "want" to do something is "to desire" to do it.[61] Similarly, to "wish" to do something is "to have a desire for [doing that thing; typically]…something unattainable…To have a desire: WANT."[62] Whereas, to "plan" to do something is much more than to just express a "wish" to do so, it is to "have a specified intention" to do it, "to have [it] in mind[;] [to] INTEND" to do it, to make it one's "purpose," to "prepare" to do it. [63] A "plan" is "a method for achieving an

---

57 Id. at 2.
58 Id.
59 Id.
60 Id.
61 *Want*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/want.
62 *Wish*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/wish.
63 *Plan*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/plan.

end[;]…a detailed formulation of a program of action."[64] Similarly, to "intend" to do something is to "have [it] in mind as [one's] purpose or goal[;]…to proceed on (a course)" to do it.[65]

Planning and intent are legally distinct concepts from a mere "wish" or inchoate desire. It is hornbook law, well within the capabilities of even "persons of moderate capacity [who] confuse themselves at first setting out [in the study of the law], and continue ever dark and puzzled during the remainder of their lives,"[66] to understand, that there is a huge difference between an inchoate desire to do something, a mere "wish," and an intent to do that thing, and this is a principle which underlies the entirety of the law, from criminal law to trusts and estates.

Appellant *averred* that he "plans on"[67] lawfully exercising his absolute ancestral and constitutional rights of keeping and bearing arms in the "immediate future."[68] Appellant is not required to actually violate the law to challenge these highly unconstitutional and unlawful Acts, as "'***it is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge***

---

[64] Id.
[65] *Intend*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/intend.
[66] *Blackstone's Commentaries on the Laws of England*.
[67] Pl.'s Compl. ¶ 24 at 9-10, Doc. 1.
[68] Id.

***a statute that he claims <u>deters the exercise of his constitutional rights[,]</u>***'"[69] he must merely "allege[] 'an ***intention*** to engage in a course of conduct arguably affected with a constitutional interest…'"[70]

The lower court erred on this point, and the appellate panel was erroneous in affirming.

ii. <u>Lower Court Erred in Finding, and Appellate Panel Erred in Affirming, that Appellant Did Not Clearly Allege a Credible Threat Sufficient for Standing</u>:

Secondly, the lower court erroneously found that Appellant had not shown that prosecution would be sufficiently imminent should Appellant proceed along his planned course of conduct, finding that Appellant's fear of prosecution was "imaginary or speculative,"[71] while at the same time recognizing that all that is required of a plaintiff to allege a credible threat of prosecution in a pre-enforcement action is for the plaintiff to "***claim***…that a prosecution is likely, ***<u>or</u>…that a prosecution is remotely possible***.'"[72]

Contrary to the lower court's contentions, Appellant clearly ***averred***, much less ***claimed***, throughout his complaint that prosecution would be imminent should Appellant proceed along his planned course of conduct, cited the NFA to show that the penalties for violating said acts are severe, and cited press releases from the

---

[69] <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 158-9 (2014) (emphasis added).
[70] <u>Id</u>. at 161 (emphasis added).
[71] Id. at 5.
[72] Id at 5 (emphasis added).

BATF to show the court that prosecutions under these Acts regularly take place, and that the penalties for violating said Acts are not just severe *de jure*, but that violators are prosecuted severely with the goal of imposing severe penalties *de facto*.

    a.  <u>Sufficiently Alleging an Impending Injury/Credible Threat of Prosecution in a Pre-Enforcement Action</u>:

As made clear by the Supreme Court of the United States in <u>Susan B. Anthony</u>, a threat of enforcement is sufficient to create "'***certainly impending***,'" to wit, forthcoming, injury to one's rights, sufficient to confer pre-enforcement standing on the rights-holder, if that threat is ***credible***.[73] In that case, the Supreme Court detailed the three relevant factors for determining whether a plaintiff has shown a credible threat of prosecution under a challenged law, to wit, "a history of past enforcement,"[74] the "rar[ity]" of prosecutions under the challenged law,[75] and whether or not the governmental defendants have "disavowed enforcement [of the challenged law] if petitioners" proceed with their planned course of conduct.[76]

    Ultimately, the whole purpose of the three-factor test laid out in <u>Susan B. Anthony</u>, for determining whether there exists a ***credible threat*** of prosecution, is to determine the ***reasonableness*** of a prospective plaintiff's ***fear*** of prosecution

---

[73] *See* <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 158 (2014) (emphasis added).
[74] <u>Id</u>. at 164.
[75] <u>Id</u>. at 165.
[76] <u>Id</u>.

under the challenged law, and, correspondingly, to determine the **but for and proximate cause** behind plaintiff's being **deterred** from lawfully exercising his rights, to wit, to attribute the causation of his injury to the proper party. *See* MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127-30 (2007).

And, the primary factor to account for when determining whether a plaintiff reasonably perceives an imminent threat of prosecution under a challenged law, and, therefore, whether the threat of prosecution is credible, is **whether or not the "the State has…disavowed any intention of invoking the [challenged law] against**"[77] the plaintiff, the Supreme Court consistently continuing to rely on this primary factor in determining the credibility of the threat of prosecution of prospective plaintiffs, and the corresponding reasonableness of prospective plaintiffs' fears of prosecution under the laws that they challenge, in subsequent cases.[78] This is especially so when the challenged law "**may be criminally punishable**,"[79] and carries with such punishment **any amount of jail time**, much less years in prison, as is the case with the NFA. *See* Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 301, 99 S. Ct. 2301, 2310, 60 L. Ed. 2d 895 (1979) (Plaintiffs had standing **in spite of the fact that the regulations had <u>never</u> been enforced against anyone**, much less the plaintiffs in that case, because the

---

[77] Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 302 (1979).
[78] *See* Susan B. Anthony List v. Driehaus, 573 U.S. 149, 160-5 (2014).
[79] Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 301 (1979) (emphasis added).

more severe the punishment, the more ***reasonable*** the fear held by a pre-enforcement plaintiff as to enforcement of the statute against him.)

Not only has Appellant pled that the presently-challenged Acts are regularly enforced, and cited governmental press releases to that effect, but, also, ***the government has not disavowed their intent to prosecute Appellant under the NFA***. "When an individual is subject to such a threat, an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law.'"[80]

In this case, Appellant's fear of prosecution under the NFA is exceedingly ***reasonable***, and is ***far from speculative or imaginary, but, rather, fact-based.*** As noted in Appellant's pro se complaint, the reasonableness of Appellant's fear is evident from the very fact that law-abiding citizen members of the Posterity have universally been deterred from lawfully exercising our absolute rights of keeping and bearing arms.[81] "On these facts, the prospect of future enforcement is far from 'imaginary or speculative.'"[82]

The lower court erred on this point and the appellate panel was erroneous in affirming.

II. This is a Declaratory Judgment Case:

---

[80] <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 158–59 (2014).
[81] Pl.'s Compl. 446 at ¶ 175, Doc 1.
[82] <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 165 (2014).

"'*The declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity*…'"[83]

Indeed, to make the ***erroneous claim*** that Appellant can only seek a declaratory judgment if he incriminates himself by claiming that he has, presently or previously, violated the challenged Acts, is to completely and ***ineptly*** misconstrue the equitable powers of the courts. Once Appellant actually violates these provisions, Appellant would have no recourse in a court of equity, as Appellant, at that point, would have an adequate remedy at law, to wit, a valid legal defense. As this Court is aware, when one has an adequate remedy at law, one loses one's ability to seek relief in equity.

The lower court erred on this point and the appellate panel was erroneous in affirming.

III. Political Question Doctrine is Inapplicable to this Case:

It is a fact that the federal government has no power, and could never have the power, to act upon or regulate Appellant's absolute ancestral and constitutional rights of keeping and bearing arms, and, therefore, ***it could never be within its political discretion*** to act upon said rights.

The lower court erred on this point and the appellate panel was erroneous in affirming.

_____

[83] MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 128–29 (2007) (emphasis added).

<u>CONCLUSION</u>

Because the lower court erred on all of these points, and the appellate panel erroneously affirmed, in contravention to the pleadings and the universal Supreme Court case law on the subject, this Court should grant a rehearing of this appeal ***En Banc***.

In addition, as no briefing schedule was released and Appellant was not allowed to file a brief in support of his appeal, his motions for leave to file an over-limit brief never being considered, the appellate panel could not have fully considered all of the points of law relevant to this case, and this Court should rehear this case ***En Banc***.

**WHEREFORE**, Appellant prays that this Court:

1. Rehear his appeal **En Banc**.

2. Permit Appellant to file a brief in support of his appeal.

3. Reverse the appellate panel's affirmation of the trial court's erroneous order.

4. Grant any further relief that this Court deems just.

Submitted this 11th day of December, 2023.

/s/ Mark J. Blount_____
    Mark Jerome Johnson Blount, Esquire
    Juris Doctor, 2020, Duke University School of Law
    Georgia Bar Member Number: 539062
    Missouri Bar Member Number: 75092
    Tennessee Bar Member Number: 040678

*Pro Se*

Mark J.J. Blount, Esq.
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

## F.R.A.P. RULE 32(g) CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

**1.** This document complies with the word limit of Fed. R. App. P. 40(b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains <u>3,899</u> words.

**2.** This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point font, Times New Roman.

/s/ Mark J. Blount_____

Mark Jerome Johnson Blount, Esquire

Juris Doctor, 2020, Duke University School of Law

Georgia Bar Member Number: 539062

Missouri Bar Member Number: 75092

Tennessee Bar Member Number: 040678

*Pro Se*

664 N Montego St.,

Nixa, MO 65714

markblountesquire@gmail.com

(478) 232-2167

Date: 12/11/2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2023, I electronically filed the foregoing Appellant's Petition for Rehearing En Banc with the Clerk of Court using the CM/EMF system.

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

Date: 12/11/2023